UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| JONATHAN L. WOODRUFF, | Case No. 2:24-cv-1416 |
| Petitioner, | |
| vs. | Judge Edmund A. Sargus, Jr. |
| | Magistrate Judge Chelsey M. Vascura |
| STATE OF OHIO, | |
| Respondent. | |

**REPORT AND RECOMMENDATION**

Jonathan L. Woodruff ("Petitioner"), a pretrial detainee currently awaiting trial while housed at the James A. Karnes Correction Center in Columbus, Ohio, appearing *pro se* and proceeding *in forma pauperis*, filed his Petition for a writ of habeas corpus alleging violations of his right to a speedy trial, excessive bail, and due process pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. The case has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and General Order 22-05.

Upon preliminary review of the Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases,[1] this Court entered an order explaining that it appeared that all grounds in the Petition were subject to dismissal and ordered Petitioner to show cause why his Petition should not be dismissed (the "Show Cause Order"). ECF No. 7. The matter is currently before this Court on Petitioner's formal response to the Show Cause Order, his legal memorandum in support, and exhibits (the "Response"). ECF Nos. 8, 8-1, 8-2 & 9.

---

[1] The Rules Governing Section 2254 cases also may be applied to habeas-corpus actions filed under section 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases.

On preliminary review it appeared that neither Petitioner's speedy trial claim nor his excessive bail claim were presented to the state courts in any form, rendering them non-cognizable in a § 2241 habeas proceeding. ECF No. 7 at PageID 8. In relation to Petitioner's due process claim, the Court was unable to determine the nature of Petitioner's claim, including what rights or procedures were allegedly violated or who violated them, and whether the claim has been presented to the state courts, also rendering it subject to dismissal. *Id.* at PageID 5. Further, it appeared that the sole relief sought "a dismissal with prejudice" was not available in this proceeding. ECF No. 1 at PageID 2, 7; ECF No. 8 at PageID 16. In lieu of dismissal, however, this Court instructed Petitioner to show cause why his Petition should not be dismissed in its entirety.

In his Response, Petitioner provides additional factual background for all claims. ECF No. 8. In relation to his speedy trial claim, Petitioner explains that although he has been detained since his arrest in July 2021, he has never received even a preliminary hearing much less been brought to trial, partially due to executing multiple trial date extensions without understanding the speedy trial waivers they contained, or extensions being executed without his knowledge. *Id.* Specifically, Petitioner submits, since his counsel Mark C. Collins ("Collins") began representing him in 2021, Petitioner insisted he was innocent and told Collins he wanted a speedy trial. *Id.* at 11. Petitioner alleges that instead of proceeding with trial quickly, Collins forged Petitioner's signature on a trial continuance on October 21, 2021, which contained a notice of the waiver of Petitioner's right to a speedy trial that Petitioner was never informed of. *Id.* at 11–12; ECF No. 8-1 at PageID 23–24. Petitioner also alleges that every month since the first continuance was filed in October of 2021, another continuance was filed by Collins (sometimes signed by Petitioner without explanation by Collins of what rights Petitioner was

waiving by signing) until Petitioner learned of the speedy trial waiver in January 2024. ECF No. 8 at PageID 12; *see also* ECF No. 8-1 PageID 23. Finally, it appears Petitioner contends that the continuances are invalid as they were not executed in compliance with state law. ECF No. 8 at PageID 14.

Even though Petitioner repeatedly refers to the length of his pretrial detention in conjunction with his speedy trial claim and his counsel's continuing of the trial date for several years, neither his Petition nor his Response supply any evidence that Petitioner brought speedy trial motions or any other motions directly addressing his desire to proceed to trial with the state courts. In fact, while Petitioner alleges that in January 2023 he was before the state court seeking to terminate Collins' representation (which Petitioner ultimately did not terminate as he allegedly was "convinced" by the judge to continue with Collins' representation), there is no indication that Petitioner addressed or attempted to address the delays in his trial or otherwise indicated to the court that he sought to proceed with trial. ECF No. 8 at PageID 12–13. Petitioner also supplies evidence that he has filed a grievance[2] with the Ohio Supreme Court's Office of Disciplinary Counsel regarding Collins' representation, *see* ECF No. 8-1 at PageID 21–25. A grievance, however, is not the type of process needed to support exhaustion of his state-court remedies before his speedy trial claim could proceed in this Court.

The Ohio Supreme Court has explained that a speedy trial waiver is "an intentional relinquishment of a known right." *State v. Blackburn*, 2008-Ohio-1823, ¶ 17, 118 Ohio St. 3d 163, 166, 887 N.E.2d 319, 322 (internal citations omitted). A criminal defendant can waive his right to a speedy trial so long as the waiver is done knowingly, voluntarily, and intelligently.

---

[2] Along with the grievance form, Petitioner attaches an undated, handwritten document titled "Request for Presence of the Defendant" citing Ohio Criminal Rule 43, addressing a defendant's presence at criminal proceedings, copies of letters from Collin's office addressing the continuance of Petitioner's case and other matters, as well as docket sheets for criminal case number 21 CR 002720 in Franklin County, Ohio. ECF No. 8-1 at PageID 26–55.

3

*Brady v. United States* 397 U.S. 742, 748 (1970). However, where a criminal defendant asserts his waiver of a speedy trial was not intelligently made, under Ohio law, he may object to his waiver with the state courts or otherwise make a demand to be brought to trial, or his waiver remains effective. *See State v. O'Brien*, 34 Ohio St. 3d 7, 10, 516 N.E.2d 218, 221 (1987). Although a habeas petitioner need not attach a copy of the final decision or order from the state courts to establish he has exhausted his state-court remedies, he must provide a reviewing federal court with some evidence he has exhausted his claim. *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 236 (6th Cir. 2006). Petitioner has supplied no such evidence.

As discussed previously in the Show Cause Order, federal courts must generally abstain from exercising jurisdiction over pre-conviction habeas petitions. However, a pretrial detainee who has exhausted all available state remedies as a prelude to seeking federal habeas relief may file a pretrial petition under § 2241 to the extent he seeks "to demand enforcement of the [State's] affirmative constitutional obligation to bring him promptly to trial." *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489-90 (1973); *see also Atkins v. Mich.,* 644 F.2d 543, 546-47 (6th Cir. 1981). Federal courts should only interfere in pending state-court criminal proceedings where there exists a threat of "irreparable injury" that is "both great and immediate." *Younger v. Harris*, 401 U.S. 37, 46 (1971). Abstention from adjudicating the merits of an affirmative defense to a state criminal charge prior to the state court's entry of the final judgment of conviction is justified by considerations of comity. *Atkins*, 644 F.2d at 546. Therefore, intrusion into state proceedings already underway is warranted only in extraordinary circumstances. *Braden*, 410 U.S. at 489 (1973); *Atkins*, 644 F.2d at 546. Furthermore, even if extraordinary circumstances exist to warrant federal court intervention into ongoing state

4

criminal prosecutions, the petitioner must exhaust all available state-court remedies before seeking federal habeas relief. *See, e.g., Braden*, 410 U.S. at 490; *Atkins*, 644 F.2d at 546.

Therefore, even had Petitioner exhausted his speedy trial (or any other) claim in the Petition, he must also demonstrate that special or exceptional circumstances warrant federal habeas intervention at this pre-trial stage. *See Braden*, 410 U.S. at 489. While there are also very limited circumstances in habeas proceedings where a claim may proceed without state-court exhaustion, such intervention is only possible when requiring a petitioner to "pursu[e] such remedies would be futile or unable to afford the petitioner the relief he seeks." *Fazzini*, 473 F.3d at 236 (citing *Aron v. LaManna*, 4 F. App'x 232, 233 (6th Cir. 2001) (unpublished) (noting exceptions) (citing *McKart v. United States*, 395 U.S. 185, 200 (1969)); *Goar v. Civiletti*, 688 F.2d 27, 28–29 (6th Cir. 1982) ("A long line of Supreme Court cases recognizes the rule that a party need not exhaust administrative remedies before bringing a claim to federal court when the administrative remedy is inadequate or cannot provide the relief requested.").

Again, Petitioner makes no showing that he was and/or is unable to address what he contends were invalid trial continuances containing uninformed consent to waive his right to a speedy trial, or that doing so would provide him with no relief, especially as it appears Petitioner is no longer represented by Collins and instead is now represented by Frederick D. Benton Jr. ("Benton"). ECF No. 8-1 at PageID 24 (listing Benton as his current counsel as of February 1, 2024, the date the form was signed). Although the Court recognizes that bringing such a challenge in state court regarding Collins' alleged failures as counsel while Collins was representing Petitioner would have been difficult, now with new counsel, this Court does not foresee the same issues, nor does Petitioner address why he has not filed anything with the state courts on this issue since obtaining new counsel.

5

Petitioner's excessive bond claim also cannot be considered by this Court for the same reasons. As previously noted, a state petitioner who alleges excessive bail claim must exhaust all of his state-court remedies before federal habeas intervention is warranted." *See Hairston v. Franklin Cty. Ct. of Common Pleas*, No. 2:17-CV-00353, 2017 WL 2628236, at *2 (S.D. Ohio June 16, 2017), *report and recommendation adopted*, No. 2:17-CV-00353, 2017 WL 2972151 (S.D. Ohio July 12, 2017). In his Response, Petitioner still provides no evidence of having addressed what he contends is an excessive bond with the state courts, which is required before such a claim may proceed here.

Petitioner's "due process" claim also appears related to the facts supporting his speedy trial claim. Specifically, Petitioner's "due process" claim appears to arise from what Petitioner contends is a requirement that he be present in the state courts prior to a trial extension containing a waiver of Petitioner's speedy trial rights being valid and therefore suffers from the same defects (as discussed *supra*),[3] and/or from the state's failure to release him from custody due to failing to bring him to trial within a time certain under state law. ECF No. 8 at PageID 10–12. To the extent Petitioner alleges his due process right arises under state law, even if Petitioner is correct, this Court cannot enforce state law. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law. . . . In conducting habeas review, a federal court is limited to deciding

---

[3] It appears in his Response that Petitioner also now attempts to allege an ineffective assistance of counsel claim relating to his prior counsel Collin's involvement in executing the continuances, his failure to apprise Petitioner of what rights he was waiving when executing the extensions, Collins' alleged forging of Petitioner's signature on the extensions, and other issues resulting in Petitioner's termination of Collins as his counsel in 2024. ECF Nos. 8 & 8-1. An ineffective assistance of counsel claim (which is a Sixth Amendment claim) is a constitutional claim of ordinary trial error that could have been, and therefore must have been, pursued on direct appeal or in an initial motion under § 2255. *See Mallard v. United States*, 82 F. App'x 151, 153 (6th Cir. 2003) (Sixth Amendment claim that counsel was ineffective may not be pursued under § 2241). Therefore, to the extent Petitioner seeks to raise an ineffective assistance of counsel claim here, such a claim is not cognizable in this § 2241 petition.

whether a conviction violated the Constitution, laws, or treaties of the United States.") (internal quotation marks omitted)). To the extent Petitioner argues such a rule is of constitutional import, he fails to cite to any such rule and this Court is not aware of one.

Finally, Petitioner seeks only release from incarceration and dismissal of the charges against him pursuant to state law. Again, this Court cannot enforce or otherwise decide whether Petitioner qualifies for release under state law. *Id.* Thus, even if any of Petitioner's claims were eligible for review, this Court is unable to provide the relief he seeks.

Accordingly, this action must be dismissed without prejudice for lack of exhaustion and because Petitioner's requested relief is not properly brought in a pretrial § 2241 petition, *see Atkins,* 644 F.2d at 546-48.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's *pro se* petition for a writ of habeas corpus be **DISMISSED** without prejudice to refiling after Petitioner has exhausted all available state-court remedies.

2. A certificate of appealability should not issue because, for the foregoing reasons, Petitioner has not made a substantial showing of the denial of a constitutional right that is remediable at this juncture. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that with respect to any application by Petitioner to proceed on appeal *in forma pauperis,* an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** Petitioner leave to appeal *in forma pauperis. See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO RECOMMENDED.**

July 15, 2024                                          *Chelsey M. Vascura*
                                                                                       Chelsey M. Vascura
                                                                                       UNITED STATES MAGISTRATE JUDGE