UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JONATHAN L. WOODRUFF,

    Petitioner,

  v.

STATE OF OHIO,

    Respondent.

:

:

Case No. 2:24-cv-1416
Judge Edmund A. Sargus
Magistrate Judge Chelsey M. Vascura

## ORDER

Petitioner Jonathan Woodruff is a pretrial detainee currently awaiting trial in state court. (R&R, ECF No. 11, PageID 100; *see* ECF No. 1.) Appearing *pro se* and proceeding *in forma pauperis*, he petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleging violations of his right to a speedy trial, excessive bail, and due process. (*Id.*)

On July 16, 2024, the Magistrate Judge issued a Report and Recommendation recommending that the petition be dismissed without prejudice to refiling after Petitioner has exhausted all available state-court remedies. (*Id.* PageID 106.) Objections to the R&R were due July 30, 2024, but no objections have been filed.

The Magistrate Judge explained that while federal courts must generally abstain from exercising jurisdiction over pre-conviction habeas petitions, a pretrial detainee who has exhausted all available state remedies prior to seeking federal habeas relief may file a pretrial petition under § 2241 to "demand enforcement of the [State's] affirmative constitutional obligation to bring him properly to trial." (*Id.* PageID 103 (citing *Braden v. 30th Jud. Circuit Court of Ky.*, 410 U.S. 484, 489–90 (1973); *see also Atkins v. Mich.*, 644 F.2d 543, 546–47 (6th Cir. 1981).) Federal courts should only interfere in pending state-court criminal proceedings,

however, where there is threat of irreparable injury that is both great and immediate. (*Id.* PageID 103–04 (citing *Atkins*, 644 F.2d at 546).) Intrusion into state proceedings underway is warranted only in extraordinary circumstances. (*Id.*) Even if those extraordinary circumstances exist, a petitioner must exhaust all available state-court remedies before seeking federal habeas relief. (*Id.* PageID 104.)

The Magistrate Judge found that although Petitioner repeatedly referred to the length of his pretrial detention in connection with his speedy trial claim, he supplied no evidence that he brought speedy trial motions or any like motions indicating his desire to proceed to trial with the state court. (*Id.* PageID 102, 104.) Because he did not show that his speedy trial claim was presented to the state courts in any form, it was non-cognizable in a § 2241 habeas proceeding. (*Id.* PageID 101.)

The Magistrate Judge concluded that Petitioner's excessive bond claim could not be considered by the Court for the same reasons. (*Id.* PageID 105.) The Magistrate Judge also observed that Petitioner's "due process" claim—that he must be present physically in the state courts before he could waive speedy trial rights and was not—appeared related to his speedy trial claim. (*Id.*) So the due process claim suffered from the same defects as the speedy trial claim. (*Id.*) Further, if Petitioner alleged his due process rights arose under state law, this Court could not enforce state law; if petition argued such a rule was of constitutional import, he failed to cite to any rule and the Court was unaware of one. (*Id.* PageID 105–06.)

The Court finds the Magistrate Judge's reasoning to be sound. The Report and Recommendation is **ADOPTED** and **AFFIRMED**:

1. Petitioner's petition for writ of habeas corpus is **DISMISSED without prejudice** to refiling after Petitioner has exhausted all available state-court remedies.

2. Petitioner has not made a substantial showing of the denial of a constitutional right remediable at this time, *see* 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b), and so no certificate of appealability will issue.

3. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that with respect to any application by Petitioner to proceed on appeal *in forma pauperis*, an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENIES** Petitioner leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

The Clerk is **DIRECTED** to enter judgment and close this case.

**IT IS SO ORDERED.**


**10/11/2024**                                              **s/Edmund A. Sargus, Jr.**
**DATE**                                                    **EDMUND A. SARGUS, JR.**
                                                            **UNITED STATES DISTRICT JUDGE**